# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Gregory Collins,
    Petitioner,

vs.

Case No. 1:08cv452
(Dlott, C.J.; Hogan, M.J.)

Warden, London Correctional
Institution,
    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, who is incarcerated at the London Correctional Institution in London, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on respondent's motion to dismiss filed November 20, 2008. (Doc. 8).

### Procedural Background

In July 1997, the Hamilton County, Ohio, grand jury returned two indictments against petitioner. In Case No. B974980, petitioner was charged with six counts of aggravated robbery in violation of Ohio Rev. Code § 2911.01(A)(3) and six counts of robbery in violation of Ohio Rev. Code § 2911.02(A)(2), with a prior conviction specification attached to each count. (Doc. 8, Ex. 1). In Case No. B975267, petitioner was additionally charged with one count of aggravated robbery and one count of robbery, with attached prior conviction specifications. (*Id.,* Ex. 2).

On September 16, 1997, petitioner entered guilty pleas in both cases to the aggravated robbery charges in exchange for the dismissal of the robbery counts and all specifications. (*Id.,* Exs. 3, 5). Petitioner was sentenced the same date as follows:

**Case No. B974980**: consecutive prison terms of four (4) years for four of the aggravated robbery offenses and three (3) years for the remaining

two offenses, for a total of twenty-two (22) years, to be served consecutively to the sentence imposed in Case No. B975267.

**Case No. B975267:** a three (3) year prison term for the additional aggravated robbery offense, to be served consecutively to the sentence imposed in Case No. B974980

(*Id.,* Exs. 4, 6).

Petitioner did not timely appeal his convictions or sentences. On March 12, 1998, nearly six months after he was sentenced, petitioner filed joint motions for leave to appeal to the Ohio Court of Appeals, First Appellate District, in both cases. (*Id.,* Exs. 7-8). On April 17, 1998, the Ohio Court of Appeals overruled the motions without opinion. (*Id.,* Exs. 10-11). Respondent states that petitioner did not pursue any appeals to the Ohio Supreme Court. (*Id.,* Brief, p. 3).

Petitioner took no further action to challenge his convictions or sentences until over seven years later, when on June 24, 2005, he filed a *pro se* consolidated motion to withdraw his guilty pleas or for modification of sentence under Ohio R. Crim. P. 32.1. (*Id.,* Ex. 12). Petitioner claimed that he was denied effective assistance of counsel because his trial attorney "allowed the Court to base Defendant's sentence[s] upon judicial findings ... that were neither found by jury, admitted by the Defendant nor proved beyond a reasonable doubt. Referencing: *McMillan v. Pennyslvania,* [477 U.S. 79, 93 (1986)]; *Apprendi v. New Jersey,* [530 U.S. 466 (2000)]; *Blakely v. Washington,* [542 U.S. 296 (2004)]...." (*Id.*). On February 17, 2006, the Hamilton County Common Pleas Court summarily denied petitioner's motion "under the authority of [a First District Court of Appeals' decision], which held that *Blakely* ... is not retroactive." (*Id.,* Ex. 14).

On April 19, 2006, petitioner filed a motion for delayed appeal to the Ohio Court of Appeals, First Appellate District, which was granted. (*See id.,* Exs. 15, 17). In his appellate brief, petitioner presented the following assignments of error:

1. Defendant-appellant's twenty-five year sentence for aggravated robbery is void where the sentencing court made judicial factfindings that prevented him from receiving the shortest prison term as mandated under Ohio Revised Code § 2929.14(B) in violation of his absolute right to procedural due process of law. Referencing: *Apprendi* ...; *Blakely* ...;

2

*State v. Foster,* [845 N.E.2d 470 (Ohio 2006)]....

2. Defendant-appellant was deprived of his absolute right to substantive and procedural due process of law where the State of Ohio failed to prove any sentencing enhancers beyond a reasonable doubt thereby implicitly acquitting appellant mandating that his sentence be reduced to a three-year sentence.

3. Defendant-appellant's sentences must be reduced to the minimum sentence of three years notwithstanding the dicta opinion of ... *Foster* ... in order to avoid violation of the Ex Post Facto & Double Jeopardy Clause[s] of the Ohio & United States Constitution[s].

*(Id.,* Ex. 18).

On April 25, 2007, the Ohio Court of Appeals affirmed the trial court's judgment, reasoning as follows:

In support of his motion, Collins invoked Crim.R. 32.1. But Crim.R. 32.1 provides relief in the form of withdrawing a guilty plea, and Collins sought by his motion not to withdraw his guilty pleas, but to "modif[y]" his sentences "to reflect concurrent sentences not to exceed three (3) years." Thus, Collins sought by his motion relief that Crim.R. 32.1 does not afford.

*(Id.,* Ex. 20). The Ohio Supreme Court denied petitioner leave to appeal and dismissed the appeal from this decision on August 29, 2007. *(See id.,* Exs. 21, 23).

Petitioner next commenced the instant federal habeas corpus action. The petition was officially filed with this Court on July 21, 2008, upon the granting of petitioner's *in forma pauperis* application filed July 2, 2008. (Doc. 3; *see also* Docs. 1-2). However, under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See, e.g., Jones v. Bertrand,* 171 F.3d 499, 502 (7th Cir. 1999); *Nichols v. Bowersox,* 172 F.3d 1068, 1077 (8th Cir. 1999); *Spotville v. Cain,* 149 F.3d 374, 376-77 (5th Cir. 1998); *Burns v. Morton,* 134 F.3d 109, 112-13 (3rd Cir. 1998); *see also In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). Here, the earliest date petitioner could have submitted the petition to

3

prison authorities for mailing was June 25, 2008, the date he executed the petition. (Doc. 3, p. 7). Therefore, it is assumed that the petition was "filed" under the prison mail-box rule on June 25, 2008.

In the petition, petitioner alleges four grounds for relief:

**Ground One:** The petitioner was deprived of ... effective assistance of counsel ... [w]here such counsel allowed the petitioner to be sent[en]ced to an enhanced sentence beyond the statutory maximum sentence of R.C. § 2929.14(B) based upon judicial fact-findings that were essential elements of the crimes for which the petitioner has not been charged in violation of his absolute right to procedural due process of law.

**Ground Two:** The petitioner was deprived of his absolute right to procedural due process of law ... [w]here the trial and appellate courts refused to reduce his sentence to the maximum/minimum sentence of three years where the State of Ohio failed to prove any elements of t[he] crime that would allow it to exceed the statutory maximum sentence beyond a reasonable doubt.

**Ground Three:** The petitioner was deprived of his absolute right to procedural due process of law ... [w]here the trial court overruled his motion to withdraw guilty plea/motion for modification of sentence based upon the theory that [*Blakely*] could not be applied retroactively to the petitioner's case.

**Ground Four:** It was a denial of the petitioner's right to due process of law ... under the Ohio and United States Constitution[s] for the court of appeals to deny relief for the reason that Ohio Criminal Rule 32.1 could not be used by the petitioner to have his sentence modified to a legal lawful sentence.

(*Id.*, pp. 5-6).

In response to the petition, respondent has filed a motion to dismiss. Respondent contends that the petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-

132, 110 Stat. 1214. (Doc. 8, pp. 6-8). Respondent also argues that the claims alleged in Grounds Two through Four of the petition are meritless. (*Id.*, pp. 10-13). Petitioner has not filed any pleading opposing respondent's motion.

## OPINION

### A. The Claim Alleged In Ground One Is Time-Barred

Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

As an initial matter, it appears that in Grounds Two through Four of the petition, petitioner is challenging the state trial and appellate court rulings on his motion to withdraw his guilty pleas or for modification of his sentences, which he filed with the trial court in June 2005. In that post-conviction proceeding, the trial court denied petitioner's motion in February 2006 and the Ohio Court of Appeals affirmed the trial court's judgment in April 2007; the Ohio Supreme Court issued the final ruling in the matter on August 29, 2007, when it denied petitioner leave to appeal. (*See* Doc. 8, Exs. 12, 14, 20, 23). In light of this history, it appears that the claims alleged in Grounds Two through Four are governed by the one-year limitations provision set forth in 28 U.S.C. § 2244(d)(1)(D), and are not time-barred after taking into account statutory tolling of the limitations period pursuant to 28 U.S.C. § 2244(d)(2).

In contrast, in Ground One of the petition, petitioner challenges his trial counsel's performance when petitioner was sentenced in 1997. As respondent has contended in the motion to dismiss (*see* Doc. 8, Brief, pp. 6-7), it appears that this

claim is governed by the one-year limitations provision set forth in § 2244(d)(1)(A), which began to run when the judgment became final by the conclusion of direct review or the expiration of time for seeking such review.

Under this provision, the statute of limitations commenced running in this case on October 17, 1997, the day following the expiration of the 30-day period for filing appeals as of right under Ohio R. App. P. 4 to the Ohio Court of Appeals from the trial court's final September 16, 1997 judgment entries. (*See* Doc. 8, Exs. 4, 6); *see also* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000). The statute ran for 146 days before it was tolled on March 12, 1998, the date petitioner filed his motions for delayed appeal to the Ohio Court of Appeals. (*See id.*, Exs. 7-8). The statute commenced running again on April 18, 1998, the day after the Ohio Court of Appeals' affirmed petitioner's convictions on delayed appeal, and expired 219 days later on November 23, 1998 in the absence of any additional statutory tolling of the limitations period under 28 U.S.C. § 2244(d)(2).[1]

Petitioner is unable to prevail on any argument that the limitations provisions of § 2244(d)(1)(C) or (D) apply to delay the commencement of the limitations period in this case because *Apprendi, Blakely,* and *Foster,* which form the basis for petitioner's ineffective assistance of counsel claim, were decided years after his conviction became "final" within the meaning of § 2244(d)(1)(A).

First, under § 2244(d)(1)(D), the statute of limitations begins to run when the factual predicate of the claim could have been discovered through the exercise of due diligence. In this case, it is clear from the record that petitioner was aware at the time of sentencing that the trial court was imposing consecutive sentences and more-than-minimum prison terms for four of the aggravated robbery offenses. Therefore, the factual predicate underlying petitioner's claim was discoverable in the exercise of due diligence at the time petitioner was sentenced in September 1997.

Second, under § 2244(d)(1)(C), it must be established that the legal basis for the

---

[1] *See also Smith v. McGinnis*, 208 F.3d 13, 16-17 (2nd Cir.) (and cases cited therein), *cert. denied*, 531 U.S. 840 (2000); *Sorce v. Artuz*, 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999) (and cases cited therein); *Blasi v. Attorney General of Pennsylvania*, 30 F.Supp.2d 481, 485 (M.D. Pa. 1998); *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998); *cf. Cox v. Angelone*, 997 F. Supp. 740, 743-44 (E.D. Va. 1998); *Healy v. DiPaolo*, 981 F. Supp. 705, 706-07 (D. Mass. 1997).

claim was "newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review." As discussed above, petitioner's convictions and sentences became "final" in October 1997, years *before* the Supreme Court decided *Apprendi* on June 26, 2000, followed by *Blakely* on June 24, 2004, which in turn was followed by *United States v. Booker,* 543 U.S. 220 (2005), on January 12, 2005.

It is well-settled in the Sixth Circuit that these Supreme Court precedents may not be applied retroactively to cases on collateral review, where as here the conviction previously had become final by the conclusion of direct review or the expiration of time for seeking such review.[2] *See, e.g., United States v. Saikaly,* 424 F.3d 514, 517 & n.1 (6th Cir. 2005) (and supporting cases from other circuits cited therein); *Humphress v. United States,* 398 F.3d 855, 860-63 (6th Cir.), *cert. denied,* 546 U.S. 885 (2005); *Spiridigliozzi v. United States,* 117 Fed.Appx. 385, 394 (6th Cir. Nov. 15, 2004) (not published in Federal Reporter); *see also Goode v. United States,* 305 F.3d 378, 382-85 (6th Cir.) (and 11th, 8th, 4th and 9th Cir. cases cited therein) (involving 28 U.S.C. § 2255 application challenging federal sentence based on *Apprendi*), *cert. denied,* 537 U.S. 1096 (2002);[3] *cf. Hanna v. Jeffreys,* No. 2:05cv727, 2006 WL 462357, at *6 (S.D. Ohio Feb. 22, 2006) (King, M.J.) (Report & Recommendation) (unpublished) (holding that "§ 2244(d)(1)(C) does not serve to delay the date the statute of limitations began to run as to petitioner's claim that his sentence violates *Blakely* ... because *Blakely* is not retroactively applicable to cases on collateral review"), *adopted,* 2006 WL 689060 (S.D. Ohio Mar. 26, 2006) (Graham, J.) (unpublished).

Petitioner also cannot rely upon *Foster* to trigger the applicability of § 2244(d)(1)(C), because *Foster* was not decided by the United States Supreme Court. In any event, the *Foster* court expressly stated that its decision extended only to cases still pending on direct review. *Foster,* 845 N.E.2d at 499. Because the appeal period

---

[2]The Supreme Court has stated that "[s]tate convictions are final 'for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for writ of certiorari has elapsed or a timely petition has been finally denied.'" *See Allen v. Moore,* Case No. 1:05cv731, 2007 WL 651248, at *4 n.1. (S.D. Ohio Feb. 23, 2007) (Barrett, J.) (unpublished) (quoting *Beard v. Banks,* 542 U.S. 406, 411 (2004) (in turn quoting *Caspari v. Bohlen,* 510 U.S. 383, 390 (1994)).

[3]*Cf. Harris v. United States,* 536 U.S. 545, 581 (Thomas, J., dissenting) ("No Court of Appeals, let alone this Court, has held that *Apprendi* has retroactive effect.").

expired in this case years before *Foster* was decided in February 2006, petitioner is unable to prevail on any claim that *Foster* may be applied retroactively to delay the limitations period in this case.

Accordingly, in sum, the Court concludes that the claims alleged in Grounds Two through Four challenging the state courts' rulings on his post-conviction motion filed in June 2005 should not be dismissed as time-barred. However, the claim alleged in Ground One of the petition challenging trial counsel's conduct at sentencing is time-barred under 28 U.S.C. § 2244(d)(1)(A). This case does not fall within the category of extraordinary circumstances where equitable tolling principles may apply to excuse the statute of limitations bar. *See, e.g., Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005) (citing *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990)); *Dunlap v. United States,* 250 F.3d 1001, 1008 (6ᵗʰ Cir.), *cert. denied,* 534 U.S. 1057 (2001); *Andrews v. Orr,* 851 F.2d 146, 151 (6ᵗʰ Cir. 1988). Therefore, respondent's motion to dismiss (Doc. 8) should be **GRANTED** to the extent that the claim alleged in Ground One of the petition is subject to dismissal with prejudice on statute of limitations grounds.[4]

---

[4]In any event, the ineffective assistance of counsel claim alleged in Ground One clearly lacks merit. Petitioner's trial counsel was not ineffective in failing to foresee *Apprendi* and the cases following *Apprendi,* particularly given that pre-*Apprendi,* a line of cases had developed from a statement made in *McMillan v. Pennsylvania,* 477 U.S. 79, 93 (1986), that "there is no Sixth Amendment right to jury sentencing, even where the sentence turns on specific findings of fact." *Cf. United States v. Burgess,* 142 Fed.Appx. 232, 240 (6ᵗʰ Cir. June 22, 2005) (not published in Federal Reporter) (counsel is not ineffective for failing to anticipate *Blakely* based on *Apprendi*), *cert. denied,* 546 U.S. 919 (2005); *Cvijetinovic v. Eberlin,* No. 04cv2555, 2008 WL 918576, at *17-18 (N.D. Ohio Mar. 31, 2008) (unpublished). Furthermore, petitioner's counsel was not ineffective in failing to raise a claim at sentencing based on decisions which were not retroactively applicable to petitioner's case; nor was it reasonably likely that petitioner would have prevailed on the merits of any *Apprendi/Blakely* claim brought by his counsel. The Supreme Court recently held in *Oregon v. Ice,* 129 S.Ct. 711, 717-20 (2009), that consecutive sentencing decisions do not implicate the Sixth Amendment. Moreover, the non-minimum sentences imposed in this case fail to trigger any constitutional concerns. Under Ohio law in effect when petitioner was convicted and sentenced, the presumption of a minimum sentence applied only to those who had never served a prison term. *Cf. Foster,* 845 N.E.2d at 490-94. This presumption did not apply to petitioner, who "had previously been convicted and served a term of imprisonment" for robbery. (*See* Doc. 8, Exs. 1-2).

**B. Petitioner's Remaining Claims Alleged In Grounds Two Through Four, Challenging The State Courts' Rulings On His Motion For Modification Of Sentence, Also Are Subject To Dismissal Because They Plainly Lack Merit**

In the remaining claims alleged in Grounds Two through Four of the petition, petitioner contends that the state trial and appellate courts erred in ruling on his motion to withdraw guilty pleas or for modification of his sentences brought under Ohio R. Crim. P. 32.1. (Doc. 3, pp. 5-6). Respondent argues in the motion to dismiss that these claims are subject to dismissal with prejudice on the merits. (Doc. 8, Brief, pp. 10-13).

Petitioner alleges in Ground Four of the petition that the Ohio Court of Appeals erred in "deny[ing] relief for the reason that Ohio Criminal Rule 32.1 could not be used by the petitioner to have his sentence modified to a legal lawful sentence." (Doc. 3, p. 6). To the extent petitioner contends in this ground for relief that the state appellate court erred in ruling on a matter governed by Ohio law, this Court lacks authority to consider the claim. A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law." 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *see also Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"). Petitioner's claim, which stems from the Ohio Court of Appeals' alleged error in interpreting the availability of the remedy afforded under Ohio R. Crim. P. 32.1, does not trigger concerns about a possible violation of petitioner's federal constitutional rights.

In Grounds Two and Three of the petition, petitioner essentially contends that the Ohio courts erred in failing to grant the relief requested in his post-conviction motion because he was entitled under *Blakely* to have his sentence reduced to the "maximum/minimum sentence of three years." (Doc. 3, pp. 5-6). However, as discussed earlier, *see supra* p. 7, and as the trial court determined in denying petitioner's post-conviction motion (*see* Doc. 8, Ex. 14), *Apprendi, Blakely* and *Booker* could not be applied retroactively to petitioner's 1997 sentence, which previously had become final in 1998 by the conclusion of direct review or the expiration of time for seeking such review. Therefore, petitioner is not entitled to habeas corpus relief to the extent he alleges in Grounds Two and Three that the trial court erred in denying his motion for modification of his sentences under *Blakely* or

otherwise lacked jurisdiction to impose more than a three-year prison term based on the retroactive application of the *Apprendi/Blakely/Booker* line of cases to his 1997 convictions and sentences.

In any event, as noted *supra* p. 8 n.4, no *Blakely* violation occurred at petitioner's sentencing. Here, petitioner was sentenced to consecutive terms of imprisonment and non-minimum prison terms for four of the aggravated robbery offenses. The Supreme Court recently held that consecutive sentencing decisions do not trigger Sixth Amendment *Blakely* concerns. *Oregon v. Ice,* 129 S.Ct. 711 (2009). Moreover, because petitioner "had previously been convicted and served a term of imprisonment" for robbery (*see* Doc. 8, Exs. 1-2), he did not fall into the category of defendants able to receive a presumptive minimum sentence under Ohio's sentencing statute then in effect.

Accordingly, in sum, the undersigned concludes that petitioner is not entitled to relief based on the remaining, non-time-barred claims alleged in Grounds Two through Four of the petition. Respondent's motion to dismiss (Doc. 8) should be **GRANTED** to the extent these remaining claims lack any merit.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 8) be **GRANTED**, and petitioner's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 (Doc. 3) be **DISMISSED** with prejudice.

2. A certificate of appealability should not issue with respect to any Order adopting this Report and Recommendation to dismiss the claim alleged in Ground One of the petition on procedural statute of limitations grounds, because under the applicable two-part standard established in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling or whether petitioner has stated a viable constitutional claim in that ground for relief. A certificate of appealability also should not issue with respect to any Order adopting this Report and Recommendation to dismiss the remaining claims alleged in Grounds Two through Four of the petition, addressed on the merits herein, in the absence of a substantial showing that petitioner has stated a "viable claim of the denial of a constitutional right" or that the issues presented are "adequate to deserve encouragement to proceed further." *See Slack,* 529 U.S. at 475 (citing

*Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: __4/24/09__
cbc

Timothy S. Hogan
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Gregory Collins,
    Petitioner

vs
                                  Case No. 1:08cv452
                                  (Dlott, C.J.; Hogan, M.J.)

Warden, London Correctional Institution,
    Respondent

# NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☑ Agent
                   ☐ Addressee

B. Received by ( *Printed Name*) | C. Date of Delivery

1. Article Addressed to:

*Gregory Collins# 350-234*
*London Corr. Institution*
*P.O. Box 56*
*1580 State Rovte 56*
*London, Ohio 43140*

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail       ☐ Express Mail
   ☐ Registered           ☐ Return Receipt for Merchandise
   ☐ Insured Mail         ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*           ☐ Yes

2. Article Number
   *(Transfer from service label)*      7002 3150 0000 8388 4919

PS Form 3811, August 2001        Domestic Return Receipt        102595-01-M-2509

1:08cv452  (Doc.9)